IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CANYON GROUP LLC, a Delaware limited liability company, and NISSAN CHEMICAL INDUSTRIES, LTD., a Japanese corporation,<br><br>Defendants. | C.A. NO. _____<br><br>PUBLIC VERSION |

## MOTION OF PLAINTIFF FOR PRELIMINARY INJUNCTION
## IN AID OF ARBITRATION

OF COUNSEL:

A. Stephens Clay
Georgia Bar No. 129400
Ronald L. Raider
Georgia Bar No. 592192
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530

Tonya R. Deem
NC State Bar No. 23075
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101

Dated: April 7, 2005/676979

Richard L. Horwitz, Esquire (#2246)
Arthur L. Dent, Esquire (#2491)
Suzanne M. Hill, Esquire (#4414)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951

PUBLIC VERSION
FILED: APRIL 14, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CANYON GROUP LLC, a Delaware limited liability company, and NISSAN CHEMICAL INDUSTRIES, LTD., a Japanese corporation,<br><br>Defendants. | C.A. NO. _____<br><br>CONFIDENTIAL –<br>FILED UNDER SEAL<br>PURSUANT TO L.R. 26.2 |

## MOTION OF PLAINTIFF FOR PRELIMINARY INJUNCTION IN AID OF ARBITRATION

Plaintiff E.I. du Pont de Nemours and Company ("DuPont") pursuant to Rule 65 of the Federal Rules of Civil Procedure moves the Court for the entry of a Preliminary Injunction in aid of arbitration. DuPont requests a preliminary injunction enjoining and restraining Nissan Chemicals Industries Ltd. ("Nissan"), Canyon Group LLC ("Canyon Group"), and their affiliates and contractual partners,

**REDACTED**

until the International Chamber of Commerce ("ICC") Arbitration Tribunal has issued a decision relative to whether provisions in the _____ Agreement entered into between DuPont and Nissan remain in full force and effect.

In support of this Motion, DuPont shows the Court as follows:

1.  As set forth more specifically in the Complaint, the declaration of Thomas J. Harkin and the supporting brief, in 1982, DuPont and Nissan entered into a Agreement

**REDACTED**

2.  Among its key features,

**REDACTED**

3.  DuPont submits that

Until then, the agreement remains in full force and effect throughout the Territory. Nissan, however, insists that

the United States when the relevant United States patent rights expired in 2003.

4.  DuPont has fulfilled and continues to fulfill its obligations under the

**REDACTED**

annually generates millions of dollars of revenue.

5. In the past several weeks, Nissan and co-defendant Canyon Group in the United States in breach of DuPont's rights.

**REDACTED**

6. authorized to conduct business in DuPont's territory.

7. Nissan and Canyon Group have enlisted support from a third party,

**REDACTED**

8. Nissan and Canyon Group recently have begun soliciting distributors, encouraging them

9. DuPont and Nissan have agreed to arbitrate "any dispute arising out of or in connection with" in Japan in a proceeding to be overseen by the ICC. does not provide either for interim relief or for expedited proceedings. DuPont is prepared to arbitrate the current dispute. However, due to the impending and short application season preservation of the status quo and the protection of the parties' arbitration commitment requires Defendants be preliminary enjoined

**REDACTED**

until an ICC panel is formed and has accepted jurisdiction over DuPont's claims. Otherwise, DuPont's right to meaningful arbitration and DuPont's exclusive territory rights will be irreparably damaged.

10. post-emergent applied after the emerge from the soil. Agricultural will occur in the United States and then not again until 2006. To meet that

3

application schedule, Nissan, Canyon Group and their agents or contract partners, must secure

**REDACTED**

11.  The ICC can only provide interim injunctive relief though an appointed arbitral panel. Such appointments and ICC confirmations have the practical effect that the ICC will be unable to appoint a panel and have the matter briefed and considered before the dates

12.  Unless enjoined, Nissan and Canyon Group will continue to encroach on DuPont's         Territory and will inflict irreparable harm on DuPont in the form of lost goodwill, lost customers and pricing erosion.

13.  DuPont is likely to prevail on the merits, which turns on the proper interpretation of Article 13 of                                            Article 13 states:

**REDACTED**

(emphasis supplied).

14.

15.  Disregarding Article 13's plain language, Nissan and Canyon Group contend

**REDACTED**

they argue that            no longer         territory for DuPont. Such interpretation is wrong for at least two reasons.

4

**REDACTED**

16.  DuPont's requested injunction furthers the public interest by preventing Canyon Group from interfering with DuPont's legally protected contractual rights. Additionally, this precedent might deter similar interference in the future.

17.  Pursuant to Local Rule 7.1.4, Plaintiff respectfully requests leave to present oral argument in support of this Motion.

18.  In further support of this motion, Plaintiff relies on the Complaint, the declaration of Thomas J. Harkin and the supporting brief, all of which are being filed contemporaneously herewith.

WHEREFORE, Plaintiff prays for on Order of the Court granting its Motion for Preliminary Injunction in Aid of Arbitration and enjoining and restraining Nissan, Canyon Group, and their affiliates and contractual partners,

## REDACTED

until the ICC Tribunal has issued a decision relative to whether exclusivity provisions in the             Agreement entered into between DuPont and Nissan remain in full force and effect.

POTTER ANDERSON & CORROON LLP

_____
Richard L. Horwitz (#2246)
Arthur L. Dent (#2491)
Suzanne M. Hill (#4414)
Hercules Plaza, 1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000

OF COUNSEL:

A. Stephens Clay
Georgia Bar No. 129400
Ronald L. Raider
Georgia Bar No. 592192
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6500

6

Tonya R. Deem
NC State Bar No. 23075
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
(336) 607-7485

DATED: April 7, 2005

676945

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 14, 2005, the attached document was served via hand delivery and electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

I hereby certify that on April 14, 2005, I have emailed the documents to the following non-registered participant at the following address:

Larry Miller
Canyon Group, LLC
370 S. Main Street
Yuma, AZ 85364

By: /s/ Richard L. Horwitz
Richard L. Horwitz
Suzanne M. Hill
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
shill@potteranderson.com

677459