# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

April 14, 2005

**VIA HAND DELIVERY AND ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
District of Delaware
844 King Street
Wilmington, DE  19801

**REDACTED - PUBLIC VERSION**

Re:   *E. I DuPont de Nemours and Company v. Canyon Group LLC and Nissan Chemical Industries, Ltd.*, C.A. 05-200

Dear Judge Jordan:

      This firm represents Nissan Chemical Industries, Ltd ("Nissan"), a Japanese chemical company and, without waiver of any defenses available to it, responds to E I DuPont de Nemours and Company's ("DuPont") motion for expedited proceedings filed in the evening of Friday, April 8, 2005 ("Motion")[1] and Mr. Horwitz's April 14, 2005 letter. Notwithstanding the amount of paper already filed by DuPont, Nissan respectfully suggests the initial focus of this Court should be on a few fundamental points, most of which are undisputed or even admitted by DuPont, and all of which suggest this Court should not schedule a preliminary injunction hearing or otherwise expedite this action.

      First, and dispositive of the entire action before this Court, the Agreement at issue between DuPont and Nissan contains an unambiguous forum selection clause in case of a dispute:

REDACTED

---

[1] It is Nissan's understanding that Canyon Group LLP is considering representation issues and should appear shortly. However, most of the arguments raised herein are equally applicable to Canyon.



RLF1-2863109-1

The Honorable Kent A. Jordan
April 14, 2005
Page 2

REDACTED

There is no provision in the Agreement allowing this Court, or any other court in the United States, to issue temporary or preliminary relief against Nissan in the event of a dispute. In fact, the forum selected by the parties has the ability to grant DuPont the very relief it seeks here:

> [U]nless the parties have otherwise agreed, as soon as the file has been transmitted to it, the Arbitral Tribunal may, at the request of a party, order any interim or conservatory measure it deems appropriate.

International Chamber of Commerce Rules of Arbitration, Art. 23 ¶1. *See also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725-6 (9th Cir. 1999) (noting that it is proper for a court to deny preliminary relief where the ICC could award the same relief). The contracting parties agreed to one tribunal for resolution of any dispute under the Agreement, interim or otherwise, and such an agreement should be respected. *Livewire Publishing, Inc. v. Best Software, Inc.*, 252 F. Supp. 2d 74, 81 (D. Del. 2003) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

In belated recognition of the ICC's exclusive jurisdiction over this dispute, DuPont -- less than one week after filing suit in this Court -- filed a request for arbitration with the ICC seeking the same preliminary relief it seeks here and a final adjudication on the merits (Exhibit A hereto). In its cover letter to the ICC, DuPont asks the ICC for expedited proceedings and immediate injunctive relief. As explained infra, DuPont's own actions belie any need for expedited resolution here as it waited several months to file an arbitration request despite being aware of the present dispute since the early summer of 2004. In any event, now that DuPont has filed its arbitration request and asked the ICC for expedited proceedings and interim relief, there is no need for this Court to entertain DuPont's request for extraordinary relief. The same litigation is now before the tribunal where it belongs and where the parties to the Agreement consented to jurisdiction -- the ICC.

Other basic legal and practical factors weigh heavily against expedited or preliminary proceedings in this Court. First, not only should the Court decline to exercise subject matter jurisdiction in light of the mandatory arbitration clause, DuPont's sole stated ground for jurisdiction here is the Federal Arbitration Act, 9 U.S.C. §203. (Complaint, ¶17) That Act, however, does not provide the Court with jurisdiction over the dispute. It is clear that the Federal Arbitration Act is a venue statute and does not create subject matter jurisdiction over arbitration disputes. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460



RLF1-2863109-1

The Honorable Kent A. Jordan
April 14, 2005
Page 3

U.S. 1, 25 n.32 (U.S. 1983) (noting that the Federal Arbitration Act does not create any independent federal question jurisdiction under 28 U.S.C. §1331).[2]

Second, as of the date of this response, Nissan has not received a service copy of the Complaint. However, even if it is served properly, Nissan is a Japanese corporation and the present dispute has no connection to Delaware so as to subject Nissan to suit here. Thus, the Court will need to consider personal jurisdiction over Nissan. In fact, DuPont's sole stated basis for personal jurisdiction is Section 203 of the Federal Arbitration Act which, as discussed above, is not applicable to the present dispute.

Third, as noted above and reflected by DuPont's own Complaint, DuPont has been aware of the present dispute since at least June of 2004. REDACTED

Yet, DuPont waited until April 7, 2005 to file its Complaint and until April 8, 2005 to request expedited proceedings against Nissan which would require the Court and Nissan to expend significant time and effort to conduct a preliminary injunction hearing the first week of May 2005, only one month after the filing of the Complaint. Moreover, even though DuPont alleges that an arbitration tribunal could be able to resolve the matter within weeks (Complaint ¶ 74), it waited several months before seeking relief in the agreed upon forum. By DuPont's own account, this matter could have been resolved by the ICC (which DuPont now acknowledges has the authority to grant the preliminary relief it seeks from this Court) without imposing this unreasonable and unworkable schedule on the parties and this Court. DuPont, through its unreasonable delay, has only itself to blame for this artificial exigency. DuPont's delay is a sufficient ground alone to deny any expedited relief.

Fourth, DuPont's proposed schedule with its extremely short time frames (depositions within 2 days of deposition notice, written discovery within 5 days of service, resolution within 4 weeks) is unreasonable and unworkable given the fact that Nissan, and all of its relevant information and witnesses, are located in Japan. Because of the scope of the issues presented and the geographic dispersion of the parties, DuPont's proposed schedule is simply unworkable.

---

[2] Section 203 of the Federal Arbitration does, however, create original subject matter jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). *See* 9 U.S.C. §§201, 203. Even if that provision applies here, however, there are only two limited circumstances where original subject matter jurisdiction is created under Section 203: (1) where a party has brought an action to compel arbitration and (2) where a party brings an action to confirm a foreign arbitral award. *See* 9 U.S.C. §§206, 207. Because DuPont has not brought an action falling under either of the limited exceptions, this Court has no subject matter jurisdiction over the present dispute. Thus, for two separate reasons, subject matter jurisdiction does not attach here.

The Honorable Kent A. Jordan
April 14, 2005
Page 4

Indeed, Nissan and DuPont entered the arbitration agreement, in part, to prevent one party from attempting to use expensive and burdensome discovery demands and litigation as a bargaining chip against the other.

Fifth, to prevail on its motion for a preliminary injunction, DuPont must demonstrate that there is a reasonable probability that it will prevail on the merits of its claim. According to DuPont, this turns on "the proper interpretation of Article 13 of the [Agreement]." (Motion for Preliminary Injunction ¶ 13; D.I. 4). DuPont, however, fails to inform the Court in its papers that the Agreement provides [REDACTED]. Thus, for the Court to decide the dispute over the proper interpretation of the Agreement, even on a preliminary basis, it will need to apply [REDACTED]. DuPont does not cite any [REDACTED] authority in its papers, nor does it attach an affidavit from an expert [REDACTED]. In short, DuPont cannot even begin to meet its burden on likelihood of success so as to warrant the expedited scheduling of a preliminary injunction.

Finally, even if DuPont can overcome the hurdles of the mandatory arbitration clause, the lack of subject matter jurisdiction, the absence of personal jurisdiction over Nissan, its inexcusable delay, and its failure to demonstrate a reasonable probability of success on the merits, it cannot show irreparable harm other than to broadly assert that "Defendants will continue to encroach on DuPont's         territory" resulting in harm in "the form of lost good will, lost customers, and price erosion." (Motion ¶ 11) However, such "irreparable" harm, either in the context of a motion to expedite or a motion for a preliminary injunction, may be remedied through an eventual award by the ICC. *See eSpeed, Inc. v. Brokertec USA, L.L.C.*, 2004 WL 62490 (D. Del. Jan. 14, 2004)[3] (rejecting possible loss of market share and goodwill as a ground for establishing irreparable harm); *Cordis Corp. v. Advanced Cardiovascular Systems, Inc.*, 1998 WL 422300 (D. Del. July 17, 1998) ("lost sales, loss of market share" not enough to establish irreparable harm).

For all the foregoing reasons, Nissan respectfully suggests the Court cannot and should not issue a schedule for a preliminary injunction hearing. If DuPont persists in seeking preliminary relief in this Court, while seeking the same relief in the ICC, Nissan requests the Court first consider and decide issues of subject matter and personal jurisdiction on full briefing. Finally, for the same reasons, DuPont's motion for expedited proceedings should be denied.

Respectfully,

Frederick L. Cottrell, III by [signature] (#3304)
Frederick L. Cottrell, III
cottrell@rlf.com

REDACTED

FLC,III/afg

---

[3] All unreported opinions cited herein are attached in alphabetical order as Exhibit B.

The Honorable Kent A. Jordan
April 14, 2005
Page 5

cc:  Clerk of the Court (via Hand Delivery)
     Richard L. Horwitz, Esquire (via Hand Delivery)
     Jeffrey L. Moyer, Esquire

RLF1-2863109-1